UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| REGGIE STATOM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-cv-00442-JPH-MG ) |
| FEDERAL BUREAU OF PRISONS, | ) ) |
| Defendant. | ) ) |

**ORDER DISMISSING COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Reggie Statom is incarcerated at Terre Haute Federal Correctional Institution. Mr. Statom asks the Court to review the U.S. Bureau of Prisons' denial of his request to be released to home confinement. For the reasons discussed below, Mr. Statom's complaint is **dismissed**, and he must file an amended complaint or show cause why the Court should not enter final judgment.

**I. Screening Standard**

At screening, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court construes the *pro se* complaint liberally and holds it to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Complaint

The Bureau of Prisons (BOP) has authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment . . . or 6 months." 18 U.S.C. § 3624(c)(2). The Coronavirus Aid, Relief, and Economic Security (CARES) Act granted the BOP authority to grant home confinement for longer periods than § 3624 permits. *See* 134 Stat. 281, 516 (Mar. 27, 2020).

Mr. Statom is obese and has asthma, which places him at a heightened risk if he contracts COVID-19. Dkt. 1-1 at 2. Mr. Statom states that he "meets all the criteria and requirements for the program, as conceded by staff at the [BOP], and that his medical condition renders him similarly situated to several other inmates who were granted release." Dkt. 1 at 1; *see* dkt. 1-1 at 2 ("Statom does now meet all the criteria for home confinement under the CARES Act," noting his application was being resubmitted to the committee for re-review). He states that he is of a different race and religion, "for the most part, from other inmates." Dkt. 1.

He asks the Court to review the BOP's denial of his application pursuant to the Administrative Procedure Act (APA), because he contends the BOP's decision was arbitrary and capricious or contrary to law. *Id.* The Court notes that his filing is entitled "Motion for Injunctive Relief Pursuant to the Administrative Procedure Act." *Id.* Mr. Statom asks the Court to allow his APA claim to proceed and for "any other relief that the Court deems, just, fair, and equitable to remedy" such claim. *Id.*

## III. Discussion of Claims

Under the APA, a "person suffering legal wrong because of agency action, or adversely

affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, the APA does not permit judicial review when "statutes preclude judicial review" of the provision or decision being challenged. 5 U.S.C. § 701.

Notably, 18 U.S.C. § 3625 precludes judicial review of decisions on home detention applications under the APA. Section 3625 explicitly states that the APA does not "apply to the making of any determination, decision, or order under" the subchapter containing § 3624. In other words, a prisoner may not use the APA to challenge a decision under § 3624 denying release to home confinement. *See Sebolt v. United States*, 769 F. App'x 381, 382 (7th Cir. 2019) ("The district court correctly dismissed Sebolt's claim" challenging his placement under § 3624 "for not being judicially reviewable under the Administrative Procedure Act."); *see also Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3rd Cir. 2021) ("The District Court thus did not err in disposing of Chambers's" claim because "the Administrative Procedures Act prohibits judicial review" of decisions under § 3624.).

Mr. Statom cites *Paul v. Federal Bureau of Prisons*, No. 2:20-cv-00613-JPH-MJD, dkt. 7 (S.D. Ind. Dec. 14, 2020), correctly noting that the Court permitted a similar APA claim to proceed beyond screening in that case. Despite this Court's screening decision in *Paul*, 28 U.S.C. § 3625 makes clear that the APA's judicial review provisions do not apply under § 3624. This is the consensus view of the Courts of Appeals and the District Courts within the Seventh Circuit. *Chambers*, 852 F. App'x at 650; *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) ("A placement decision itself is not open to challenge under the APA" because of § 3625.); *Sebolt*, 769 F. App'x at 382; *see also United States v. Phillips*, 853 F. App'x 623, 627 (11th Cir. 2021) ("[D]eterminations under" related "§ 3621 are precluded from judicial review, except to the extent that a prisoner seeks to challenge the underlying rules and regulations that establish the criteria

3

governing BOP decision-making process."); *Drew v. Figueredo*, No. 20-cv-00337-JPG, 2020 WL 6079238, at *5 (S.D. Ill. Oct. 15, 2020) ("18 U.S.C. § 3625 prohibits judicial review of" § 3621 "determinations pursuant to the APA.").

The CARES Act extended the amount of time a federal inmate may serve in home confinement, but the authority for the BOP's decision to grant home confinement still comes from § 3624. Because § 3625 explicitly forecloses judicial review of such decisions under the APA, and because that is the only relief Mr. Statom seeks, his complaint must be dismissed for failure to state a claim upon which relief may be granted.

### IV. Conclusion

For the reasons discussed in Part III, Mr. Statom's complaint, dkt. 1., **is dismissed for failure to state a claim upon which relief may be granted**. To the extent Mr. Statom seeks preliminary injunctive relief, his motion is **denied for the same reasons**.

If Mr. Statom wishes to proceed with this action, he must either file an amended complaint or show cause why this action should not be dismissed. He must do so **no later than May 31, 2022**. Failure to do so in the time provided will result in the dismissal of this action without further warning or opportunity to show cause.

If Mr. Statom files an amended complaint, it must correct the deficiencies discussed in this Order. It must include the case number associated with this action, No. 2:21-cv-00442-JPH-MG. It will completely replace the original complaint, and it will be screened pursuant to § 1915A, so it must include all defendants, claims, and factual allegations that Mr. Statom wishes to pursue in this action.

**SO ORDERED.**

Date: 5/4/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

REGGIE STATOM
17053-039
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808